IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDWARD E. DAY, JR.,　　　　　　　　　)
　　　Petitioner,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　　) 2:09-cv-00006
　　　　　　　　　　　　　　　　　　　)
ATTORNEY GENERAL et al.,　　　　　　 )
　　　Respondents.　　　　　　　　　　)

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Edward E. Day, Jr. for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Edward E. Day, Jr. has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

In his petition, Day seeks to challenge his six to twenty-three month sentence imposed, upon a plea of guilty, to charges of conspiracy to commit simple assault, simple assault and reckless endangerment at No. 2375 of 2003, in the Court of Common Pleas of Westmoreland County, Pennsylvania. This sentence was imposed on July 26, 2005.[1]

No appellate relief was sought.[2] However, on May 11, 2006, Day filed a petition for post-

---

[1] See: Petition at ¶¶ 1-5 as corrected by the answer of the Commonwealth.

[2] See: Attachment 1 to the answer of the Commonwealth.

1

conviction relief.[3] That petition was dismissed on November 14, 2006.[4] An appeal was taken to the Superior Court in which the issues presented were:

> I. Whether the Commonwealth and the Court failed to adequately address the issue of the defendant's rights pursuant to Rule 600 and to dismiss all charges against him.
>
> II. Whether the defendant failed to receive competent and adequate legal representation from legal counsel which denied defendant the opportunity to enter a guilty plea in a fully knowing and voluntary manner.
>
> III. Whether the prosecuting attorney engaged in prosecutorial misconduct by failing to inform the court regarding plea negotiations and by manipulating evidence and witnesses in other criminal cases to affect the case of the defendant.
>
> IV. Whether the above stated actions of the prosecutor were racially motivated and racially discriminatory.[5]

On July 7, 2008, the denial of post-conviction relief was affirmed.[6] Leave to appeal was denied by the Pennsylvania Supreme Court on November 25, 2008.[7]

In the instant petition which was executed on December 21, 2008, Day contends he is entitled to relief on the following ground:

> I. His guilty plea was unlawfully induced in that he was promised a plea to a single misdemeanor charge and then compelled to plead to more than one charge.[8]

---

[3] Id.

[4] See: Id. and ¶ 11 of the petition.

[5] See: Attachment 2 to the answer of the Commonwealth.

[6] Id..

[7] Id.

[8] See: Petition at ¶ 12A. We also note that this is the sole issue on which the Superior Court concluded that the petitioner had properly perfected his appeal. (May 22, 2008 memorandum of the Superior Court which is appended to attachment 2 to the answer of the

2

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was

---

Commonwealth.)

contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, it would appear that the issue which the petitioner seeks to raise here, that is, that his plea was not knowingly and voluntarily entered has been raised in the appellate courts of the Commonwealth, and is properly before this Court.[9]

The background to this prosecution is set forth in the May 22, 2008, Memorandum of the Superior Court wherein it is noted:

---

[9] We do note that the Commonwealth represents is ¶ 5 of its answer that the petitioner is no longer in "custody" within the meaning of § 2254 as his sentence has expired. There is nothing in the record to support this contention..

4

> Appellant and his wife, Anita, were charged with, *inter alia*, aggravated assault and conspiracy based on allegations that they beat their neighbors, Mark and Christine Queer, so severely that both victims had to be flown to a hospital in Pittsburgh for treatment. During the May 18, 2003 attack, Appellant struck Mr. Queer in the head with a baseball bat, fracturing his skull.[10]

At the guilty plea hearing held on May 2, 2005, the scope of the plea agreement was set forth on the record. Specifically, it provided that in exchange for the petitioner entering a general guilty plea to three misdemeanors, the three felony charges against him would be nolle prossed, and that all charges against his wife and codefendants would be dismissed (5/2/05 at pp.4-6). The petitioner also stated under oath that this set forth his complete and full understanding of the proposed disposition (5/2/05 at p.8). The court then explained that each count carried a possible maximum two year period of incarceration (5/2/05 at pp.10-11) and the court accepted the plea as knowingly and voluntarily entered (5/2/05 at p.13).

At the post-conviction hearing held on November 14, 2006, petitioner's trial counsel testified that the original agreement with the Commonwealth was that the petitioner would entered a plea of guilty to one misdemeanor charge (11/14/06 at pp.11, 16); that the district attorney rejected this offer and insisted on the petitioner pleading to three misdemeanors (11/14/06 at p. 16); that subsequently the district attorney agreed to withdraw one of the counts to which the petitioner entered a guilty plea (11/14/06 at p. 16); that counsel would have discussed the district attorney's position with the petitioner (11/14/06 at p.18) and that the petitioner represented to him that he would go forward with the plea (11/14/06 at p.18).

The petitioner also testified at the latter hearing that he had agreed to plead to only one misdemeanor (11/14/06 at p.24), but later agreed to plead to three with the assurance of his

---

[10] See: Attachment No.2 to the answer of the Commonwealth.

counsel that two of the charges would ultimately be withdrawn (11/14/06 at p.24).

After hearing this testimony, the trial court concluded that based on the petitioner's representation at the plea hearing that the extent of the agreement was that he would plead to three misdemeanors in exchange for the dismissal of the felony charges and the charges against his co-defendants (11/14/06 at p.26); the court rejected consideration of any off the record discussions (11/14/06 at pp.26 and 27) and dismissed the petition (11/14/06 at pp. 26 and 28).

In a habeas petition seeking to challenge a guilty plea, the burden is on the petitioner to demonstrate that his plea was not knowingly and voluntarily entered with the assistance of counsel. Meyers v. Gillis, 93 F.3d 1147 (3d Cir.1996).

In the present case, the record clearly demonstrates and the state courts concluded, that the petitioner knowingly and voluntarily entered his plea with the assistance of counsel. What is in dispute is his argument that he had been assured that two of the three counts to which he pled would be dismissed. We recognize that the petitioner and his counsel characterized the original agreement to be a plea to one count. When this was rejected by the prosecutor, the petitioner under oath entered a plea to three counts and represented that no other promises had been made to him. As the post-conviction court observed in rejecting petitioner's argument, "what goes on here when somebody raises their right hand to God and the Court and says they are going to tell me the truth, I believe they are telling me the truth" (11/14/06 at p.28).

Additionally, as observed in Santobello v. New York, 404 U.S. 257, 262 (1971),"more than an unfounded and unilateral belief is required to support the defendant's assertion that the government made a particular promise."

Thus, there is nothing in the record to demonstrate that the state courts acted in a manner

6

contrary to nor imposed an unreasonable application of federal law to the petitioner's claim. Accordingly, he is not entitled to relief here. For this reason, it is respectfully recommended that the petition of Edward E. Day, Jr. for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied..

      Within the time limits set forth in the attached notice of electronic filing, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                   Respectfully submitted,

                                                   s/Robert C. Mitchell,

Entered: March 3, 2009                            United States Magistrate Judge